# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| TK INDUSTRIAL, LLC, ) | Case No. 16-21017-EEB |
| EIN: 46-3720971, ) | Chapter 7 |
| ) | |
| Debtor. ) | |

## TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363(f)

Jared Walters, Chapter 7 Trustee ("Trustee"), through undersigned counsel, for his Motion to Sell Property of the Estate Free and Clear of Liens Pursuant to 11 U.S.C. § 363(f) (this "Motion"), states:

1. On November 10, 2016, TK Industrial, LLC (the "Debtor") filed its voluntary petition for relief under chapter 11 of Title 11, U.S.C. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Colorado.

2. On February 2, 2017, the Court converted this case and the Related Cases[1] to chapter 7 of the Bankruptcy Code, effective February 16, 2017.

3. Jared C. Walters is the duly appointed chapter 7 trustee in the Debtor's bankruptcy case.

4. The bankruptcy estate holds Debtor's interest in a 2009 GMC Sierra 3500 HD Crew Cab (non-dual axle), VIN #1GDHK73669F108120 (the "Vehicle"). Through this Motion, the Trustee seeks to sell the Vehicle.

---

[1] The Related Cases are TK Holdings, Ltd (Case No. 16-21012 EEB); TK Diversified Services, LLC (Case No. 16-21019 EEB); and Big Sky, LLC (Case No. 16-21020-EEB). TK Mining Services, LLC (Case No. 16-21016-EEB) is also a related debtor but still proceeding under chapter 11 of Title 11, U.S.C.

## RELIEF REQUESTED AND LEGAL AUTHORITY

5. John Paul and Christa Coats (together, the "Purchaser") have agreed, subject to Court approval, to purchase the Vehicle for $18,000. The Purchaser has been informed of the bankruptcy process, and that the Trustee may receive a higher offer during the 21-day notice period under Fed. R. Bankr. P. 2002.

6. Section 363 of the Bankruptcy Code authorizes a trustee to sell assets of the estate other than in the ordinary course of business. *See* 11 U.S.C. 363(b)(l); Fed. R. Bankr. Pro. 6004(f)(1) ("All sales not in the ordinary course of business may be by private sale or by public auction."). The decision to sell assets outside the ordinary course of business must be based upon sound business judgment. *See In re Castre, Inc.*, 312 B.R. 426, 428 (Bankr. D. Colo. 2004).

7. A chapter 7 trustee receives "ample discretion to administer the estate, including authority to conduct public or private sales of estate property." *See In re Psychrometric Systems, Inc.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007) (quoting *In re Bakalis,* 220 B.R. 525, 532 (Bankr. E.D.N.Y. 1998). "In evaluating whether a sound business purpose justifies the use, sale or lease of property under Section 363(b), courts consider a variety of factors, which essentially represent a 'business judgment test.'" *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999); *Castre,* 312 B.R. at 428. The Trustee's business judgment must be given "great judicial deference." *See In re Psychrometric Systems, Inc.*, 367 B.R. at 674 (citing *In re Bakalis*, 220 B.R. at 531-32).

8. The Trustee believes the proposed sale of the Vehicle for $18,000 is prudent and in the best interests of its estate. The Vehicle is a non-dual axle, one-ton truck with a flatbed, and has roughly 90,000 miles. The Trustee's research has concluded that the Vehicle's trade-in value is $19,992. The Debtor provided a liquidation value of $19,000. *See* Sch. A/B, Dkt. #12, at 9.

The Trustee also contacted a new and used car dealership, Hellman Motor Company, in Delta, Colorado. The dealership staff advised that they were not interested in purchasing the Vehicle but, if they were, they would pay $17,500. Finally, the proposed sale alleviates the need for the estate to incur a 15-20% commission through an auction. The Trustee therefore submits that the proposed sale is fair, beneficial to the estate, and $18,000 is appropriate consideration.

9. The Vehicle is not subject to any liens or encumbrances. Debtor did not schedule the existence of any lien holder or secured creditor and, through the 11 U.S.C. § 341 meeting and additional discussions, has not given any indication that the Vehicle is subject to any liens or encumbrances. Trustee therefore submits that the Vehicle may be sold free and clear of liens, claims, and interests under 11 U.S.C. § 363(f).

10. The Purchaser is not related to the Debtor or Trustee, or otherwise an insider of the Debtor or any of its related entities, affiliates, or related to its equity security holders. The proposed sale was negotiated at arms' length and in good faith as contemplated by 11 U.S.C. § 363(m).

11. The Trustee has fully disclosed and requested this Court's approval of the terms of the proposed sale of the Vehicle, and has provided notice as required by the Bankruptcy Rules, the Local Bankruptcy Rules, and as otherwise directed by the Court. *See In re Colony Hills Assocs.*, 111 F. 3d 269, 276-77 (2nd Cir. 1997). If a higher offer is received during the notice period, the Trustee will consider it and determine whether it is a higher and better offer than provided by the Purchaser.

12. The Trustee also requests that the Court waive the stay provided by Fed. R. Bankr. P. 6004(h) so, once approved by the Court, the Debtors and Purchaser may promptly close the transaction.

3

WHEREFORE, the Trustee requests that the Court enter an order granting this Motion and authorizing the sale of the Vehicle on the terms set forth herein pursuant to 11 U.S.C. § 363(f), authorizing the Trustee to execute such documents as required to convey the Vehicle to the Buyer, and granting such other and further relief as deemed proper.

Dated: May 4, 2017.      **LINDQUIST & VENNUM LLP**

By: /s/ *Ethan J. Birnberg*
Ethan J. Birnberg, #43343
600 17th Street, Suite 1800 South
Denver, CO, 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
Email: ebirnberg@lindquist.com

*Counsel for Jared Walters, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2017, true and correct copies of the foregoing **TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363(f)** were served via First-Class US Mail, postage prepaid, to the addresses on the attached list.

/s/ *Brandon Blessing*

4

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1082-1<br>Case 16-21017-EEB<br>District of Colorado<br>Denver<br>Thu May  4 15:41:42 MDT 2017 | Amy L. Fischer<br>3288 Semillon Ct.<br>Palisade, CO 81526-8200 | Ethan Birnberg<br>600 17th St., Ste. 1800 South<br>Denver, CO 80202-5402 |
| Buhrdorf, Keith E<br>1225 Sunset Drive<br>Delta, CO 81416-2775 | Connor L. Cantrell<br>4643 S. Ulster Street<br>Suite 1250<br>Denver, CO 80237-4307 | Colorado Department Of Revenue<br>1375 Sherman St.<br>Room 504<br>Attention Bankruptcy Unit<br>Denver CO 80261-3000 |
| Dish<br>P. O. Box 94063<br>Palatine, IL 60094-4063 | Fleetmatics USA, LLC<br>P. Bo. Box 347472<br>Pittsburg, PA 15251-4472 | Hartford Fire Insurance Company<br>One Hartford Plaza, T-4<br>Hartford, CT 06115-1703 |
| IMA, Inc.<br>1705 17th St. Ste 100<br>Denver, CO 80202-1260 | IRS<br>PO Box 7346<br>Philadelphia PA 19101-7346 | Daniel J. Morse<br>308 W. 21st St.<br>Ste. 203<br>Cheyenne, WY 82001-3669 |
| Mountain Valley Hydroseed, LLC<br>c/o Amy L. Fischer<br>2536 Rimrock Ave, Ste 400-379<br>Grnad Junction, CO 81505-8669 | Nathan A. Miller<br>3288 Semillon Ct.<br>Palisade, CO 81526-8200 | Thomas F. Quinn<br>303 E. 17th Ave.<br>Ste. 800<br>Denver, CO 80203-1299 |
| Robert Krautkramer<br>3413 Birch Drive<br>Loveland, CO 80538-2684 | Schaaf, David A<br>1218 H Lane<br>Delta, CO 81416-9140 | Schaaf, Earnest<br>1220 H Lane<br>Delta, CO 81416-9140 |
| Securities and Exchange Commission<br>Midwest Regional Office<br>175 W. Jackson Blvd.<br>Ste. 900<br>Chicago IL 60604-2815 | Security & Exchange Commission<br>Central Regional Office<br>1801 California St.<br>Ste. 1500<br>Denver CO 80202-2656 | TK Blasting, LLC<br>650 N. Main St.<br>Delta, CO 81416-2412 |
| TK Construction US, LLC<br>650 N. Main St.<br>Delta, CO 81416-2412 | TK Construction, LLC<br>650 N. Main St.<br>Delta, CO 81416-2412 | TK Diversified Services, LLC<br>650 N. Main St.<br>Delta, CO 81416-2412 |
| TK Holdings, LTD.<br>650 N. Main St.<br>Delta, CO 81416-2412 | TK Industrial, LLC<br>650 N. Main St.<br>Delta, CO 81416-2412 | TK Mining Services, LLC<br>650 N. Main St.<br>Delta, CO 81416-2412 |
| The Guarantee Company of North America USA<br>One Towne Square<br>Suite 1470<br>Southfield, MI 48076-3725 | The Hustead Law Firm<br>Attn: Connor Cantrell<br>4643 S. Ulster St.<br>Ste 1250<br>Denver, CO 80237-4307 | The Hustead Law Firm<br>Attn: Vincent J Wegher<br>4643 S. Ulster St.<br>Ste 1250<br>Denver, CO 80237-4307 |

| | | |
|---|---|---|
| The Hustead Law Firm, P.C.<br>Attn: Connor Cantrell<br>4643 South Ulster Street, Suite 1250<br>Denver, CO 80237-4307 | The Hustead Law Firm, P.C.<br>Attn: Patrick Q. Hustead<br>4643 South Ulster Street, Suite 1250<br>Denver, CO 80237-4307 | The Paul Wilkinson Law Firm, LLC<br>Attn: Jonathan D. Stine<br>3900 E. Mexico<br>Suite 500<br>Denver, CO 80210-3943 |
| US Trustee<br>Byron G. Rogers Federal Building<br>1961 Stout St.<br>Ste. 12-200<br>Denver, CO 80294-6004 | United States Trustee<br>1961 Stout St.<br>Ste. 12-200<br>Denver, CO 80294-6004 | Jared Walters<br>PO Box 804<br>Eagle, CO 81631-0804 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Dennis & Company, P.C. | (u)Guarantee Company of North America | (u)Justin Rowlinson<br>Address Unknown |
| (u)Lindquist & Vennum LLP | (u)The Hartford Insurance Company | (d)Jared Walters<br>PO Box 804<br>Eagle, CO 81631-0804 |

**End of Label Matrix**
**Mailable recipients**    35
**Bypassed recipients**     6
**Total**                  41